# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GLENN-ROBERT SCHREIBER :
    Plaintiff   :
          :
v.         :
          :  Civil Action No. 3:08cv1832 (CFD)
JOSEPH W. DOHERTY, and :
BERNARD D. GAFFNEY  :
    Defendants  :

## ORDER OF DISMISSAL

Plaintiff *pro se* Glenn-Robert Schreiber ("Schreiber") initiated this action,[1] purportedly

on behalf of Kristen Mary Bartlett, against defendants Joseph W. Doherty and Bernard D.

Gaffney, complaining against the defendants' alleged imprisonment of Ms. Bartlett.

Pursuant to 28 U.S.C. § 1915(e)(2)(B) "the court shall dismiss the case at any time if the

court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." Thus, the dismissal of a complaint by a district court under any of the three

enumerated sections in 28 U.S.C. § 1915(e)(2)(B) is mandatory rather than discretionary. See

Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000). In addition "[w]henever it appears . . . that

the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Fed.R.Civ.P. 12(h)(3). See, e.g., Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697,

700-01 (2d Cir. 2000) ("If subject matter jurisdiction is lacking, the action must be dismissed .").

The Court construes *pro se* complaints liberally. See Haines v. Kerner, 404 U.S. 519, 520

---

[1]Although Mr. Schreiber styled the action as a habeas corpus petition, this Court cannot identify in the petition any state action. See 28 U.S.C. § 2254. The action appears more akin to a suit brought in forma pauperis, and therefore it is subject to 28 U.S.C. § 1915.

(1972).

       Schreiber's filing is essentially an extensive list of questions aimed at the defendants. It provides no background for understanding whether or why Ms. Bartlett is imprisoned, or how the defendants are connected to Ms. Bartlett's imprisonment. It makes no specific allegations against the defendants, and it does not contain a decipherable legal claim or basis for federal jurisdiction. In accordance with 28 U.S.C. § 1915(e)(2)(B)(ii), Schreiber's complaint is dismissed without prejudice for failure to state a claim on which relief may be granted.

       SO ORDERED this   16th   day of December, 2008, at Hartford, Connecticut.

      **/s/ Christopher F. Droney**
      **CHRISTOPHER F. DRONEY**
      **UNITED STATES DISTRICT JUDGE**